**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MICHAEL JOSEPH WAGNER, SR.    :
      Plaintiff          :
v                               :        Civil Action No. AW-08-1482
MARYLAND DIVISION OF CORRECTIONS :
     *et al.*                :
     Defendants       :
                         o0o

## MEMORANDUM

Pending is Defendants' Supplemental Motion to Dismiss or for Summary Judgment. Paper No. 32.  Plaintiff opposes the motion and has filed a Cross Motion for Summary Judgment.  Paper No. 38.  Also pending is Plaintiff's Motion for Reconsideration.  Paper No. 28. The matter is now ripe for review.

### Background

Plaintiff claims on October 4, 2006, while he was incarcerated at Western Correctional Institution, another inmate slammed his hand in the feed-up slot on his cell door causing permanent  injury.  Paper No. 1 at p. 8.   This Court previously held that Defendants failed to address this claim in their Motion to Dismiss or for Summary Judgment.  Paper No. 26 and 27. Defendants were directed to address the claim.  *Id.*

### Non-Dispositive Motion

Plaintiff seeks reconsideration of various parts of the April 15, 2009 decision denying in part and granting in part Defendants' Motion to Dismiss or for Summary Judgment.  Paper No. 28.  He states that there is a dispute regarding his being seen on security cameras disposing of a weapon after the altercation with Brown because the video tape could not be provided during his institutional disciplinary proceeding.  *Id.*  Plaintiff also claims that the statements attributed to him in investigative reports were untrue and asks the Court to take judicial notice of an ongoing

investigation into correctional officers writing false reports.  Finally, Plaintiff disputes that

Defendants had no reason to know that Wilkerson posed a threat of harm to him.  He states he

informed Defendants that Wilkerson was a threat to him via letters and complaints which he

submitted with his complaint.

A motion to alter or amend is governed by Fed. Civ. Proc. 59(e).  Although Rule 59(e)

does not itself provide a standard under which a district court may grant a motion to alter or

amend a judgment, we have previously recognized that there are three grounds for amending an

earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account

for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest

injustice.  *See EEOC v. Lockheed Martin Corp., Aero & Naval Sys.,* 116 F.3d 110, 112 (4th

Cir.1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993).

Plaintiff's first assertion does not state a clear error of law.  The evidence presented by

Defendants included a report of the testimony provided during the institutional disciplinary

proceeding.  The officer who observed Plaintiff disposing of the weapon after the altercation

with Brown testified.  The inability to present the video tape does not negate the observations of

the officer made under oath.

Plaintiff's second allegation also does not state a clear error of law.  Plaintiff provides the

Court with no evidence that there exists an ongoing investigation into fraudulent report writing

by correctional officers and, if there is such an investigation, how it is relevant to his case.

Plaintiff's suggestion that all reports written by correctional officers are suspect falls far short of

establishing clear error.

Plaintiff's third allegation is that Wilkerson, with whom he shared a cell and who

2

attacked him with a homemade weapon, was a known threat to Plaintiff.   He points to several letters he claims he sent to Lt. Friend telling him that Wilkerson was threatening him and was crazy.  *See* Paper No. 1 at Attachment 2, pp. 7—9.  The letters attached to Plaintiff's complaint contain no evidence they were ever delivered to prison officials or received.  In contrast, Plaintiff's written statement provided after the incident does not contain any allegations that he warned security staff that Wilkerson presented a threat to him.  Paper No. 22 at Ex. 5, p. 20. Plaintiff never refuted the content of his written report regarding the incident.

For the foregoing reasons, Plaintiff's Motion to Alter or Amend shall be denied.

### Standard of Review

Summary judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should

3

"view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

"[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rich v. Bruce*, 129 F. 3d 336, 339– 40 (4th Cir. 1997).

In the supplemental dispositive motion, Defendants assert that Plaintiff's hand injury which occurred when another inmate, Ricardo Blake, slammed a feed up slot on it, amounted to negligence and does not state a constitutional claim. Paper No. 32. They assert that Plaintiff's own report of the incident in an ARP filed soon after the event took place establishes that Defendants did not know there would be a problem between the two men prior to the altercation.

*Id*. at Ex. A, p. 2.   An argument arose between the two men when Plaintiff accused Blake of giving his milk to another inmate.   *Id*.   Plaintiff claimed he was wiping the feed up slot off when Blake closed it on his hand.   *Id*.   Medical records submitted by Defendants which were written after the incident[1] indicate that Plaintiff did not have an injury to his hand requiring medical attention.

Plaintiff submits medical records that clearly establish that his hand was in fact injured during the October 4, 2006 incident.  Paper No. 38  at Ex. F—G.  The records submitted confirm that Plaintiff had a lump in the middle of his right hand that swells to "golf ball sized" when he had to use the hand while at work.  *Id*. at Ex. J.  In addition it is noted that x-rays of Plaintiff's hand show no bony abnormality; he has decreased grip strength in the hand; he was prescribed prednisone for the swelling; and he was provided a custom brace to wear on the hand.  *Id*. at Ex. F—J.  The records submitted by Plaintiff concerning the injury to his hand are dated from October 13, 2006 through July 7, 2007.  He claims he stopped complaining about his hand because it became clear to him that a referral to an orthopedic surgeon was not forthcoming.

Plaintiff further contends that Defendants' liability for the incident hinges on their violation of procedural rules prohibiting inmates from operating security devices such as the feed up slot on his door.  Paper No. 38.  He claims that Lt. Friend was well aware of the prohibited practice and failed to enforce institutional policy because "'his officers shouldn't have to do all of the work, that's what inmates are for.'"  *Id*. at p. 4.

The Court finds that Plaintiff did suffer a significant injury as a result of the assault by Blake.  However, both the spontaneous nature of the disagreement between Plaintiff and Blake

---

1 Defendants assert that medical records for the period around the date of the incident could not be

as well as Defendants' lack of knowledge regarding a possible problem weigh against a finding

of deliberate indifference to a known risk of harm.  Allowing another inmate to close Plaintiff's

feed up slot was  at most negligence on the part of correctional staff.  There is no evidence that

any correctional officer knew Blake would slam the door on Plaintiff's hand or otherwise harm,

and permitted him to close the door notwithstanding that danger.  Correctional staff's failure to

conclude that permitting Blake to close the feed up slot would result in harm to Plaintiff does not

state a constitutional claim.  *See Rich v. Bruce*, 129 F. 3d  340 (correctional officers must draw

the inference that a danger exists).

       Accordingly, Defendants Supplemental Motion for Summary Judgment shall be granted.


<u>October 6, 2009</u>                        _____//s//_____
Date                                            Alexander Williams, Jr.
                                             United States District Judge

located.